# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS JAMES SATTERFIELD,<br><br>      Petitioner,<br><br>    v.<br><br>JAMES D. HARTLEY,<br><br>      Respondent. | 1:10-cv-01195-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving a life-term sentence.

On November 7, 2007, Petitioner was involved in a physical altercation with another inmate, which resulted in a Rule Violation Report (RVR) for mutual combat. Petitioner was found guilty of the violation and assessed a ninety-day loss of credit on November 12, 2007.

Petitioner challenged the RVR in the Kings County Superior Court, California Court of Appeal, and California Supreme Court.

Petitioner filed the instant petition for writ of habeas corpus on July 2, 2010. Respondent filed a motion to dismiss on November 22, 2010. Petitioner filed an opposition on December 23, 2010.

DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

B.  Failure to State a Cognizable Federal Habeas Corpus Claim

Respondent argues that Petitioner's claims do not necessarily impact the duration of his sentence.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In determining when prisoners may file a habeas corpus petition, "the [Supreme] Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Therefore, if success on a petitioner's claim does not "necessarily spell speedier release," the claim is not cognizable in a habeas corpus petition. Id. at 81-82 (holding federal habeas jurisdiction absent where petitioners challenged parole eligibility

2

and suitability procedures); <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

Petitioner is serving an indeterminate term of life with the possibility of parole. Although Petitioner was initially assessed a loss of ninety-days of good behavior credit as a result of the disciplinary finding, Petitioner has already completed his minimum eligible parole date and was denied parole for four years. The credits that inmates earned and forfeit under the California Penal Code are applicable only to determinate sentences. Cal. Penal Code §§ 1170, 2932, 2933(a); Cal. Code Regs. tit. 15, § 3043.3(a). If an inmate's term includes both determinate and indeterminate sentences, the determinate portion is served first. <u>Id</u>. at § 669. In such circumstances, credit earnings and loss will impact when the inmate's life term begins. <u>Id</u>. Once the life term begins, the inmate cannot be released on parole until his minimum eligible parole date. <u>Id</u>. at 3046; Cal. Code Regs. tit. 15, § 2000(b)(67). Adjustments to an inmate's MEPD impact begins when the inmate is considered for parole, and the initial parole hearing is held one year before the MEPD. Cal. Penal Code § 3041(a). Regardless of the inmate's MEPD, he will not be released until the Board finds him suitable for parole. <u>Id.</u> Once the inmate is found suitable for parole, the actual term of incarceration is not determined by the statutory credits, but by the Board. <u>Id.</u>,; Cal. Code Regs. tit. 15, § 2401(a), 2403. The Board sets a base term of confinement, and has the discretion to shorten that term through a separate post-conviction credit scheme. Cal. Code Regs. tit. 15, §§ 2403, 2401. Therefore, the duration of an inmate's incarceration on a life term is determined by the Board, not by statutory credit earnings and losses.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED; and

2. The instant petition for wit of habeas corpus be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

4